**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS  DIVISION**

| | |
|---|---|
| **20/20 MANAGEMENT COMPANY, INC., et al** ) ) ) | |
| v. ) | 3-08-CV-608-O |
| ) **COMUNIDAD CORPORATION, et al** ) | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order filed on June 19, 2008, on June 30, 2008, came on to be heard Plaintiffs' Motion for Court to Abstain and Remand Case, etc. (Doc. 17) filed on April 29, 2008, and having considered the relevant pleadings, including those filed by the intervenor, International Realty Concepts, Inc. and by Defendant Comunidad Kensington Club I, LLC ("Kensington") and the statements of counsel the magistrate judge finds and recommends as follows:

In late 2005 Plaintiff 20/20 Management Co., Inc. and others filed a petition in the 134th Judicial District Court of Dallas County, Texas,  in Cause No. 05-12895.  The case involves a number of apartment complexes and condominiums and transactions related thereto.  Only state law claims are alleged and there is no diversity of citizenship on which federal jurisdiction could be based.

In connection with the state court case Plaintiff filed notices of lis pendens on the properties including one or more in which the Defendant Comunidad Kensington Club I, LLC (Kensington) has an interest. On March 31, 2008, Kensington filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, in Cause No. 08-32127.  On April 14, 2008, Kensington filed a notice of removal of the state court action, removing the same to this court in the above styled and numbered action.

Plaintiffs filed the present motion seeking an order of remand shortly thereafter.[1]

**FINDINGS AND CONCLUSIONS**:

Plaintiffs argue that the court must abstain under 28 U.S.C. § 1334 (c)(2) and in the alternative that the court should exercise its discretionary authority to abstain under 28 U.S.C. § 1334 (c)(1) and remand the case to state court. Finally, Plaintiffs argue that equitable factors warrant remand authorized by 28 U.S.C. § 1452 (b). The magistrate judge addresses each of the arguments *seriatim.*

**1. Mandatory abstention**. § 1334 (c)(2) requires a federal court to abstain if (1) the moving party timely filed a motion to abstain; (2) the proceeding is based on a state law claim; (3) the proceeding is related to a case under title 11 but not arising under title 11 (a "related to" proceeding); (4) there is no basis for federal jurisdiction other than § 1334; (5) an action was pending in state court; and (6) the state court action can be timely adjudicated.

In the main these prerequisite elements are uncontroverted except with respect to whether the claims asserted by Plaintiffs render the removed state court action a core proceeding. For their part Plaintiffs contend that the state action is a non-core proceeding, that is merely an action "related to" a title 11 case, but not one "arising under title 11, or arising in a case under title 11." Not surprisingly Kensington argues just the opposite since § 1334 (c)(2)'s mandatory abstention applies only to non-core proceedings. Neither side cites any persuasive or binding authority which addresses whether the filing of notices of lis pendens against property owned by a title 11 bankruptcy petitioner renders the state court proceeding as either a core or non-core proceeding. However, the court need not decide whether the proceedings are core or non-core since such

---

[1]International Realty Concepts, Inc., Intervenor, filed its joinder in Plaintiffs' motion.

determination is irrelevant to the criteria which inform exercise of the court's discretion under § 1334 (c)(1). *See Matter of Gober*, 100 F.3d 1195, 1206-07 (5th Cir. 1996).

**2. Equitable abstention.** In determining whether permissive (discretionary) abstention under § 1334 (c)(1) or equitable remand under 28 U.S.C. § 1452 (b) is appropriate, courts have developed a list of non-exclusive factors, which include the following:

(1) the effect or lack thereof on the efficient administration of the estate;

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

(4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding;

(5) jurisdictional basis, if any other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*See e.g. Browning v. Navarro,* 743 F.2d 1069, 1077, n. 21 (5th Cir. 1984) (analyzing the predecessor to § 1452) and *In re: Performance Interconnect Corp.,* 2007 WL 2088281 (Bkrtcy N.D. Tex. 2007); and *In re: Encompass Service Corp.*, 337 B.R. 864, 878 (Bkrtcy. S.D. Tex. 2006).

The parties address these factors in their respective briefs. *See* Plaintiffs' Motion for Court to Abstain and Remand Case, etc. (Doc. 17) at pages 10-11 and Kensington's response (Doc. 24) at pages 16-20. Factor 1 weighs slightly in favor of remand. The case had progressed somewhat in the state court prior to removal. It is entirely speculative as to whether the action of the state court, if remand is granted, will have an effect on the resolution of the bankruptcy reorganization. Further, Kensington wishes to have the case transferred to the bankruptcy court in Houston. *See* Debtor's motion to transfer (Doc. 11). There is no indication that the Houston court's docket would allow for a more efficient resolution of the matters at issue. Factors 2 through 5 clearly preponderate in favor of remand. Although the outcome of the state causes of action have a tangential relatedness to the bankruptcy proceeding, the weight of factors 6 and 7 in favor of Kensington is essentially neutralized by the fact that it is only one of approximately 32 defendants named in Plaintiffs' state court action. Neither side has made a compelling showing with respect to factors 8 and 9. Kensington concedes that it has no knowledge of the burden which would be imposed on the Houston bankruptcy court in the event this court denies Plaintiffs' motion to abstain and remand and grants its motion to transfer the case to Houston.

The parties provide equally persuasive, but essentially unsupported, arguments with respect to factor 10. As with factors 8 and 9, this factor is neutral when arriving at the ultimate determination of whether the court should abstain and remand the case to state court.

Plaintiffs made a jury demand in state court. It is clear that there are other parties to this

removed action besides Kensington. Since the issues involve matters of state law only and this case would not have been otherwise removable but for Kensington's bankruptcy filing, factors 11, 12 and 13 strongly weigh in favor of remand. Factor 14 weighs mildly in favor of remand, but no strong possibility of prejudice to either side is apparent.

**RECOMMENDATION**:

Because - once the neutral factors have been excluded - the majority of the remaining enumerated factors militate strongly in favor of remand, it is recommended that the District Court enter its order granting Plaintiffs' Motion for Court to Abstain and Remand Case, etc. and that the court further order that the above styled and numbered action be remanded to the 134th Judicial District Court of Dallas County, Texas, for further proceedings.[2]

A copy of this recommendation shall be transmitted to counsel for the parties.

SIGNED this 30th day of July, 2008.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and

---

[2]In light of the foregoing recommendation the magistrate judge does not address Plaintiffs' alternative motion to dismiss Comunidad Kensington Club I, LLC as a defendant in their petition, removed from state court.

conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.