IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 20/20 MANAGEMENT COMPANY, INC. ST. JOHNS HOLDINGS, INC., AND MICHAEL NEARY, | §<br>§<br>§<br>§ | |
| *Plaintiffs*, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 3:08-cv-00608 |
| COMUNIDAD CORPORATION, ALLAN KLEIN, MITCHELL KOBERNICK, AND MIKOB PROPERTIES, INC., et al., | §<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants.* | § | |

**PLAINTIFFS' RESPONSE TO THE OBJECTIONS OF DEFENDANT COMUNIDAD KENSINGTON CLUB I, LLC TO REPORT AND RECOMMENDATION REGARDING MOTION TO ABSTAIN AND REMAND AND BRIEF IN SUPPORT**

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.     BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

       Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

       Plaintiffs' Motion to Abstain and/or Remand or, in the alternative, to
       Dismiss the Debtor without Prejudice and Remand . . . . . . . . . . . . . . . . . . . . . 4

       The Magistrate's Recommendation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       The Defendant's Objections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.    ARGUMENTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       Scope of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       Permissive Abstention . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       Permissive abstention and remand is not dependent on whether
       the matter is a "core proceeding" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       The Remaining Objections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

       CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# INDEX OF AUTHORITIES

## CASES

*Barbee v. Colonial Healthcare Center, Inc.,*
   2004 WL 609394 (N.D. Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Brady v. Apfel,*
   41 F.Supp.2d 659 (E.D. Tex. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Browning v. Navarro,*
   743 F.2d 1069, 1077, n. 21 (5th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

*Crawford v. Christus Health,*
   2003 WL 1403208 (E.D. Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cronn v. Burkhart,*
   830 F.Supp. 946 (N.D. Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Dugas v. Jefferson Co.,*
   911 F. Supp. 251 (E.D. Tex. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Performance Interconnect Corp.,*
   2007 WL 2088281 (Bkrtcy N.D. Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Matter of Gober,*
   100 F.3d 1195, 1206-1207 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Northern Natural Gas Co. v. Sheerin,*
   2003 WL 22594457 (W.D. Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Regal Row Fina, Inc. v. Washington Mutual Bank,*
   2004 WL 2826817 (N.D. Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Shoemaker v. Batesville Hospital Management, Inc.,*
   2008 WL 294551 (N.D. Miss. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Simpson v. Macon County, North Carolina,*
   2000 WL 33422715 (W.D. N.C. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*U.S v. Raddatz,*
   447 U.S. 667. 673, 100 S.Ct. 2406 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Wood v. Wood (In re Wood)*,
  825 F.2d 90, 93 (5th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES**

28 U.S.C. §§ 157(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

28 U.S.C. § 1452 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

28 U.S.C. § 1334(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

28 U.S.C. § 1334(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed.R.Civ.P. 72(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW 20/20 Management Company, Inc., St. Johns Holdings, Inc., and Michael Neary, Plaintiffs in the above captioned cause and, in accordance with Local Rules 7.2 and 53.1 of the Northern District of Texas file this Response to the Objections of Defendant Comunidad Kensington Club I, LLC to the Report and Recommendation of the Magistrate Judge regarding the Motion to Abstain and Remand.

I.

## BACKGROUND

**Factual Background[1]**

On March 31, 2008, one of thirty-two defendants in this action, Comunidad Kensington Club I, LLC ("Debtor"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, under Case Number 08-32127 (the "Bankruptcy Case"). On April 9, 2008, Debtor filed a Notice of Removal of this case to the United States District Court for this Northern District of Texas.[2]   On April 14, 2008, Debtor filed a Motion to Transfer Venue to the Southern District of Texas.

Prior to removal, this case had been pending for over 2 years in the 134th Judicial District Court of Dallas County, Texas since December 29, 2005 as Cause No, 05-12895 styled 20/20 *Management Company, Inc., St. John's Holdings, Inc., and Michael Neary vs. Comunidad Corporation. Allan Klein, Mitchell Kobernick, and Mikob Properties, Inc.; et. al.*

---

[1]Plaintiffs hereby request that the Court take judicial notice of the pleadings previously filed herein.

[2] Plaintiffs contend that Debtor is a single asset (apartment complex) entity which is a subsidiary of a Texas charitable organization.

1

(the "State Court Action").  There are currently three Plaintiffs, an Intervenor Plaintiff, and thirty-two Defendants in the State Court Action.  All of the causes of action brought in the State Court Action by Plaintiffs accrued in Texas and all are brought pursuant to Texas law. There is no diversity of citizenship and no federal question supportive of independent federal jurisdiction.

This case involves numerous apartment complexes and condominiums and transactions related thereto.  The Plaintiffs have sued Defendants for: 1) breach of contract; 2) fraud; 3) fraudulent inducement; 4) negligent misrepresentation; 5) misappropriation; 6)  conversion; 7) statutory fraud; 8) money had and received; 9) theft of services; 10) conspiracy; 11) quantum meruit/unjust enrichment; 12) promissory estoppel; 13) constructive trust; 14) equitable lien; 15) specific performance; 16) declaratory judgment; 17) writ of attachment; 18) temporary restraining order and permanent injunction; 19) attorney's fees; and 20) exemplary damages.

In connection with their claims in the suit, Plaintiffs also filed notices of lis pendens on the properties. These notices, and the cancellation of same, have been the subject of repeated "emergency" motions in front of the state trial court and original proceedings and "emergency"" motions in front of the Dallas Court of Appeals. Plaintiffs have asserted that numerous representations made to the state trial court as well as the Dallas Court of Appeals as to the existence of these "emergencies" by the Defendants who control the entities have, in effect, operated as a fraud on the courts.[3]  Moreover, the Plaintiffs have

---

[3]The representations to the trial court, the Dallas Court of Appeals and the Plaintiffs were to the effect that if the lis pendens on one of the properties at issue, the Balboa property, were not immediately cancelled, the property would not be refinanced and would be lost to foreclosure.  At the time these representations were made, Defendants knew that there was no emergency as Patriot Bank, which had issued an earlier commitment letter, had agreed to go forward with the refinancing.  Even after the Patriot

asserted that the Defendants have abused the discovery process in order to conceal the true facts surrounding the status of the properties, including the refinancing of same, among other things. In connection therewith, Plaintiffs filed a comprehensive and exhaustive motion to compel and for sanctions against the Defendants who control and make decisions for all of the Defendants in this action as well as their attorneys in the state trial court. Plaintiffs have requested, among other things, that Defendants pleadings be stricken. An evidentiary hearing on this motion had been set for May 12, 2008 before the state district court.

To date, Defendants have been unable to obtain the relief they have requested from the state trial court or from the Dallas Court of Appeals despite repeated attempts.[4] Defendants have filed an unresolved motion to transfer venue in an effort to obtain a new court and a new judge. The Defendants have gone to the Court of Appeals complaining of the trial court's actions. Now, Defendants have had one of their many entities file for bankruptcy protection, purportedly to stave off foreclosure, in a maneuver designed not so much to try and save the property but rather to try and avoid the state trial court's determination of, among other things, the motion to compel and for sanctions, and oust the

---

loan closed on the Balboa, Defendants continued to file documents requesting emergency relief, never informing the Court that there was no longer an emergency. By so doing, the Defendants avoided the state trial court's consideration of the request for a TRO that, among other things, Defendants be prevented from using the proceeds of any refinancing. Discovery later revealed that one of the Defendants, Mikob Properties, Inc., which was not even an owner of the Balboa property, received $500,000 from the undisclosed refinancing at closing.

[4]The Defendants did convince the Dallas Court of Appeals to direct the trial court to order cancellation of the notice of lis pendens on one of the properties that existed at the time; the Balboa Apartments. However, the trial court has held ruling on omnibus cancellation of the remaining lis pendens pending discovery by Plaintiffs and an evidentiary hearing. The Dallas Court of Appeals has denied Defendants attempts to cancel given that the trial court has not yet ruled on Defendants' motions.

3

state trial court of jurisdiction over the entire proceeding, including the other thirty-one defendants.[5]

## Plaintiffs' Motion to Abstain and/or Remand or, in the alternative, to Dismiss the Debtor without Prejudice and Remand

On April 29, 2008, Plaintiffs filed its Motion for the Court to Abstain and Remand the Case or, in the alternative, to Dismiss the Debtor without Prejudice and to Remand[6] and its Brief in Support, which is incorporated herein by reference as if set forth at length. Defendant filed a response to this motion and the Intervenor replied on June 3, 2008.[7]

## The Magistrate's Recommendation

On June 30, 2008, United States Magistrate Judge William F. Sanderson heard Plaintiff's Motion for the Court to Abstain and Remand filed on April 29, 2008. After considering all of the relevant pleadings and the statements of counsel, on July 30, 2008, Judge Sanderson recommended that this Court enter an order granting Plaintiff's Motion for the Court to Abstain and Remand this Case and further order that the above-styled and numbered action be remanded to the 134th Judicial District Court of Dallas County, Texas for further proceedings.   In so doing, Judge Sanderson analyzed the factors set forth in case law including *Browning v. Navarro*, 743 F.2d 1069, 1077, n. 21 (5th Cir. 1984) (analyzing the predecessor to § 1452) and *In re Performance Interconnect Corp.*, 2007 WL 2088281 (Bkrtcy N.D. Tex. 2007) with regard to permissive (discretionary) abstention and

---

[5]In footnote 3 of its Response, the Defendant argues that forum shopping and the state court's prior rulings are not a factor here.  This argument lacks credulity in light of the facts at bar.  In any event, Judge Sanderson held the factor regarding forum shopping neutral.

[6]This Motion was joined in and adopted by the Intervenor.

[7] The Reply was joined in and adopted by the Plaintiffs.

4

remand.   Judge Sanderson held that once the neutral factors have been excluded, **the majority of the enumerated factors militate strongly in favor of remand**.   Judge Sanderson's recommendation is well-reasoned and should be upheld.

**The Defendant's Objections**

On August 6, 2008, Defendant filed objections to the Magistrate's report and recommendation. Defendant's primary objection is that the Court was required to determine whether this matter is a core proceeding before determining whether permissive abstention and remand is appropriate.  As set forth below, there is no such requirement. Defendant also objects to the Magistrate's determination as to 4 of the factors enumerated in the case law: 1) factor 9, the burden of the bankruptcy court's docket, which it argues should be neutral; 2) factor 12, the presence in the proceeding of non-debtor parties, which it argues should not be given weight because it claims Defendants are really unified; and 3) factor 13, comity, which Defendant does not refute.   The Defendant also states that the "Magistrate Judge's view, that the impact on the Debtor's ability to reorganize is 'tangential' unduly minimizes the effect of the equitable lien and constructive trust claims on the Debtor's ability to reorganize."   The Defendant's objections lack merit and should be denied.

## II.

## ARGUMENTS AND AUTHORITIES

**Scope of Review**

A motion for abstention and remand is a non-dispositive motion and a magistrate can make a determination on a motion for remand.  See, *Dugas v. Jefferson Co.*, 911 F.

Supp. 251 (E.D. Tex. 1995); *Simpson v. Macon County, North Carolina*, 2000 WL 33422715 (W.D. N.C. 2000); Court's Order of June 19, 2005. Orders by a magistrate on non-dispositive motions are reviewed under the "clearly erroneous or contrary to law" standard. *U.S v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406 (1980); Fed.R.Civ.P. 72(a). Here, Judge Sanderson filed a report and recommendation instead of an order. Plaintiffs have found no cases in the Fifth Circuit nor any of the district courts in this circuit that have determined the standard of review for recommendations and reports on non-dispositive motions for abstention and remand. Because this Court authorized Judge Sanderson to determine their non-dispositive motions, Plaintiffs submit his report and recommendation should also be reviewed under that standard.

Alternatively, should the Court determine that a review of Judge Sanderson's report and recommendation does not fall within the "clearly erroneous or contrary to law" standard, the Court should conduct a de novo review limited to those portions of Judge Sanderson's report and recommendation to which the Defendant has filed timely objections. *Cronn v. Burkhart,* 830 F.Supp. 946 (N.D. Tex. 1993); *Brady v. Apfel*, 41 F.Supp.2d 659 (E.D. Tex. 1999).

**Permissive Abstention**

Under the "permissive abstention" doctrine, 28 U.S.C. § 1334(c)(1), courts have broad discretion to abstain from hearing state law claims whenever appropriate "in the interest of justice, or in the interest of comity with State courts or respect for State law." *Matter of Gober*, 100 F.3d 1195, 1206-1207 (5th Cir. 1996). See also *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir.1987) (noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by

6

rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case"). Section 1334(c)(1) governing permissive/equitable abstention states:

> Nothing in this section prevents a district court in the interests of justice, or in the interests of comity with State courts or respect to State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

As set forth by Judge Sanderson in his report and recommendation, courts have developed a list of non-exclusive factors as to permissive abstention which include the following:

(1)     the effect or lack thereof on the efficient administration of the estate if the court decides to remand or abstain;

(2)     the extent to which state law issues predominate over bankruptcy issues;

(3)     difficult or unsettled nature of applicable law;

(4)     presence of related proceeding commenced in state court or other non-bankruptcy proceeding;

(5)      jurisdictional basis, if any, other than Section 1334;

(6)     degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7)     the substance rather than the form of an asserted core proceeding;

(8)     the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9)     the burden of the ... court's docket;

(10)    the likelihood that the commencement of the proceeding in the [district] court involves forum shopping by one of the parties;

(11)    the existence of a right to a jury trial;

(12)    the presence in the proceeding of non-debtor parties;

7

(13)    comity; and

(14)    the possibility of prejudice to other parties in the action.

See, *Browning v. Navarro*, 743 F.2d 1069, 1077, n. 21 (5th Cir. 1984) (analyzing the predecessor to § 1452) and *Northern Natural Gas Co. v. Sheerin*, 2003 WL 22594457 (W.D. Tex. 2003).  Judge Sanderson considered and weighed many if not all of these factors in recommending that the case should be remanded.

### Permissive abstention and remand is not dependent on whether the matter is a "core proceeding"

Defendant has objected to Judge Sanderson's report and recommendation on the grounds that the Judge Sanderson did not determine whether the a "core" or "non-core" proceeding exists. However, the exercise of permissive abstention and remand, upon which the Court's recommendation is founded, is not dependent on whether the matter is a "core proceeding" or not.  In fact, *Matter of Gober*, 100 F.3d at 1206-1207, the Fifth Circuit case cited by Judge Sanderson in his report, makes it clear that permissive abstention, unlike mandatory abstention, can be granted regardless of the nature of the proceeding.  In this regard, the *Gober* court states as follows:

> Mandatory abstention applies only to non-core proceedings-that is, proceedings "related to a case under title 11," but not "arising under title 11, or arising in a case under title 11." 28 U.S.C. §§ 157(b)(1) & 1334(c)(2). ***A court, however, may abstain at its discretion from deciding either core or non-core proceedings under § 1334(c)(1) if the interests of justice, comity, or respect for state law so require.***

(Emphasis added).    Given the ability for courts to permissively abstain regardless of whether or not it is a "core" or "non-core" proceeding, district courts have routinely decided to permissively abstain without first determining the nature of the proceeding. See,

8

*Crawford v. Christus Health*, 2003 WL 1403208 (E.D. Tex. 2003); *Northern Natural Gas Co. v. Sheerin*, 2003 WL 22594457 (W.D. Tex. 2003); *Shoemaker v. Batesville Hospital Management, Inc.*, 2008 WL 294551 (N.D. Miss. 2008). For example, in *Shoemaker*, a case decided earlier this year, a district court in this circuit exercised its authority to permissively abstain under just these circumstances. In so doing, the *Shoemaker* court stated as follows:

> Following the issuance of this order, defendants submitted arguments as to why the court should, in fact, exercise bankruptcy jurisdiction over this case. Many of defendant's arguments seek to establish that this is a core proceeding, on the basis of an indemnity agreement among the parties. The court remains highly skeptical that this garden-variety tort action should be considered a core proceeding. Regardless, the fact remains that the core or non-core status of this case is only dispositive in the mandatory abstention context, and nothing in defendants' submission serves to alter this court's view that discretionary abstention is proper in this case.

Id. at * 2.

Moreover, despite Defendant's argument that two of the factors enumerated by the Court would be effected by an analysis of whether the action is a core proceeding, the Court is not required to address each factor in making its determination whether to permissibly abstain. *Barbee v. Colonial Healthcare Center, Inc.*, 2004 WL 609394 (N.D. Tex. 2004). Indeed, in *Gober*, the bankruptcy court's grant of permissive abstention and the district court's order affirming such grant were affirmed by the Fifth Circuit despite the fact that "neither the bankruptcy court nor the district court offered any rationale for abstention in its [written] judgment." *In re Gober*, 100 F.3d at 1207; *Barbee v. Colonial Healthcare Center, Inc.*, 2004 WL 609394 (N.D. Tex. 2004). Furthermore, permissive abstention may be warranted even though some of the Richmond Tank Car and Republic Reader's Service factors are absent. *Barbee v. Colonial Healthcare Center, Inc.*, 2004 WL

9

609394 (N.D. Tex. 2004).

Defendants inaccurately imply that whether this is a core proceeding would be determination of the permissive abstention issue. *Regal Row Fina, Inc. v. Washington Mutual Bank*,[8] 2004 WL 2826817 (N.D. Tex. 2004), cited by Defendants, does not support their argument. In that case, the court first determined whether mandatory abstention was applicable. To decide that issue a court must determine whether a proceeding is a core proceeding. *Id.*, at *5. In this case Judge Sanderson did not decide whether a mandatory abstention was required. Therefore, it was not and is not necessary to determine whether this is a core proceeding.

Moreover, Defendants do not show that a determination would impact the review of Judge Sanderson's discretionary abstention determination. Defendants cite *Regal Row Fina* for finding that factors 7 and 8 did not weigh in fact of abstention because that case involved a core proceeding. However, Judge Sanderson did not find that factors 7 and 8 weighed in favor of abstention in this case either. Report at 4. Hence, whether these proceedings would be a core proceeding is a non issue. Accordingly, Defendant's objection on this ground should be denied.

## The Remaining Objections

The Defendant has also objected to Judge Sanderson's determination with respect to factors 9, 12 and 13. First, Defendant argues that factor 9, the burden on the bankruptcy court's docket, should be neutral. Apparently, Judge Sanderson agreed as that is exactly the weight he gave factor 9. See, Report at 4 ("As with factors 8 and 9, this

---

[8]Cited by Defendants as *In re: Regal Row Fina, Inc.*

factor is neutral....")

Defendant next argues that factor 12, the presence in the proceeding of non-debtor parties, was unduly emphasized. In this regard, the Debtor claims that "all of the defending parties are unified for this analysis, in that the Defendants consist of the sellers of the property in question and related entities."[9] In fact, the Defendants consist of approximately 31 additional parties, all of whom have concerns regarding properties other than the Kensington Club I apartments. Defendants further argue that a judicial determination involving Kensington would act as res judicata and collateral estoppel as to all the parties and all claims. If the Defendants' analysis is correct, that is all the more reason why the existence of the multiple parties strongly favor abstention.

Factor 13, regarding comity, is objected to not because Defendant claims it is wrong, but rather because "the statement is unsupported by any analysis...." However, as stated above, there is no requirement that the Magistrate provide an analysis with regard to each factor, in fact, the Fifth Circuit has affirmed a grant of permissive abstention even when neither the bankruptcy court nor the district court offered any rationale for abstention in its written judgment. *Matter of Gober*, 100 F.3d at 1207.

Defendant next argues that the effect on the bankruptcy estate is more than "tangential". In this regard, it is unclear as to which factor Defendant's contention relates. However, Judge Sanderson's statement regarding the tangential relationship of the bankruptcy proceeding to the state causes of action, relates to factors 6 and 7, which it determined were "essentially neutralized" because this action involves not only the Debtor

---

[9]If true, the Debtor has admitted that its creditors can recover against all of the properties at issue in this case as to all of the other Defendants who are not Debtors.

11

but 31 other Defendants.  In other words, as with factor 9, this factor played no role in the Judge Sanderson's determination.

Finally, even if all of the Defendant's objections regarding factors were valid, which they are not, Judge Sanderson's report and recommendation should still be adopted. Judge Sanderson found that once the neutral factors were excluded, the enumerated factors "militate strongly in favor of remand."  As set forth above, factor 9, was essentially excluded as neutral (as Defendant argues it should be).  However, Defendant did not object to Judge Sanderson's determination that factors 1, 2, 3, 4, 5, 11 and 14 weigh in favor of remand.  Therefore, even if the 4 factors that Defendant objected to (6, 7, 12 and 13) were determined to be weighted against remand, which they are not, the remaining 7 factors supporting remand establish that the Court should exercise its authority to permissively abstain and remand this case.

### III.

### CONCLUSION

In short, Defendant's objections to Judge Sanderson's report and recommendation in favor of permissive abstention and remand should be denied. Plaintiffs respectfully request that this Court enter an order in accordance with Judge Sanderson's recommendation which grants Plaintiff's Motion for the Court to Abstain and Remand and further orders that the above-styled and numbered action be remanded to the 134th Judicial District Court of Dallas County, Texas for further proceedings.

12

Respectfully submitted,

/s/ Mitchell Madden
Mitchell Madden
State Bar No. 12789350
Thomas Murto III
State Bar No.  14740500
Melissa A. Johnson
State Bar no. 19142900
**MADDENSEWELL, LLP**
Four Hickory Centre
1755 Wittington Place, Suite 300
Dallas, Texas 75234
Tele: 972/484-7780
Fax: 972/484-7743

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 26th day of August, 2008 via the ECF syste, as follows:

Mark A. Sanders
Law Office of Mark A. Sanders
11451 Katy Freeway, Suite 501
Houston, Texas 77079

Michael W. Eaton
EATON LAWFIRM, PLLC
1310 N. White Chapel Road, Suite 200
Southlake, Texas 76092

Lawrence J. Friedman
R. Brian Shields
FRIEDMAN & FEIGER, LLP
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254

/s/ Mitchell Madden
Mitchell Madden

13